```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

                PLAINTIFF,

VS.                                    CASE NO.  2:09-CV-212-FTM-29DNF

TRACT J09-04, 40.0 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, HERBERT HANS FEHLMANN A/K/A
HERVERT HANS FEHLMANN, ET AL.,

                Defendants.
_____

## OPINION AND ORDER

This matter came before the Court on September 8, 2010, for a bench trial on the matter of just compensation in 7 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71.1. No property owner or claimant appeared for trial in this case.

The Court heard testimony from John R. Underwood, Owner-President and owner of Appraisal and Acquisition Consultants, Inc., where Mr. Underwood has been working as an appraiser and supervisor of other appraisers since the early 1980s. Mr. Underwood testified on behalf of the government regarding the appraised value of the parcels of land subject to condemnation proceedings. Mr. Underwood started his career as an appraiser working for First Federal Savings & Loan of Lake Worth, Florida, and eventually started his own firm. Mr.

Underwood took all required courses for his professional designations. Mr. Underwood received his MAI (general) designation in 1981 or 1982, which requires experience, required courses, a demonstration report (akin to a Masters thesis), peer review, and a comprehensive exam. Mr. Underwood also received his SRA (residential) designation in 1979, from the Appraisal Institute, which has similar requirements but requires less experience and no comprehensive exam. Mr. Underwood has taught classes and has been on the faculty of the Appraisal Institute since the early 1980s. Mr. Underwood has previously testified more than 150 times in condemnation proceedings, including as to the Everglades National Park and the Big Cypress project.

Mr. Underwood inspected the subject properties by air to conduct appraisals using social and economic considerations. Mr. Underwood testified as to the common characteristics of the land as: (1) remote; (2) of critical concern to the state; (3) wetlands; (4) difficult to access; and (5) unimproved. To determine market value, Mr. Underwood used a sales comparison approach, which is a theory of substitution, by comparing 10 public record sales and finding values ranging from a low of $800.00 to a high of $2,000.00. Mr. Underwood noted that the sales in the wetlands can be skewed and somewhat overvalued due to internet sales to unknowing buyers. The subject tracts all have the highest and best use of passive recreational. Mr. Underwood concluded that the fair market value for each tract of land before the Court today is $1,500.00 per acre.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES:**

1. The Plaintiff has the right to condemn the subject properties for the public purpose set forth in the Complaint in Condemnation.

2. Just Compensation for the taking of the fee simple title to Property, is **$1,500.00 per acre**, for a total value of **$60,000.00**. Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the institution and prosecution of this action and taking of the subject properties.

3. Plaintiff will deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order. The Clerk shall administratively close the file pending the entry of final judgment.

4. On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property. Upon making such deposit, Plaintiff will timely notify the Court and move for a final judgment of condemnation by filing a motion.

5. The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff

and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6. The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a **zero balance** so that the case may be closed.

7. In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America or the National Park Service, as appropriate.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of September, 2010.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Kyle Scott Cohen, AUSA
Parties of record

Intake
Finance